UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Andre Whitfield, | ) | CASE NO. 5:15 CV 1717 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| FCI Elkton, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* plaintiff Andre Whitfield, a federal prisoner currently incarcerated at FCI Elkton, has filed this civil action entitled "Privacy Act Review and Mandamus Claim and Complaint for Correction and/or Cancellations." He brings the action against "FCI Elkton Personally."

While the plaintiff's allegations are unclear, the basis for his complaint appears to be an October 19, 2012 decision of a Disciplinary Hearing Officer (DHO) at FCI Fort Dix finding the plaintiff committed a prohibited act of Possession of a Hazardous Tool (a cell phone). The DHO determined the plaintiff possessed a cell phone hidden in a ceiling access panel on the basis of a forensic analysis performed on the phone which revealed telephone numbers that were only on the plaintiff's approved list. (*See* Doc. No. 1-2 at 13.)

The plaintiff appears to dispute the DHO's determination that the cell phone was his and to ask the Court to order FCI Elkton to correct his records to indicate he did not commit the

infraction. He also appears to seek monetary compensation.

A federal district court is expressly required, pursuant to 28 U.S.C. §1915A, to screen and dismiss before service any civil action filed by a prisoner seeking relief from a governmental entity if the court determines the complaint is frivolous or malicious or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §1915A; *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Basic pleading essentials are not abrogated in *pro se* cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989). In order to state a claim, a *pro se* complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011).

Federal courts have jurisdiction to grant mandamus relief under 28 U.S.C. § 1361 "to compel an officer or employee of the United States or agency thereof to perform a duty owed to the plaintiff." "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Carson v. United States Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011), citing *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Id*.

The plaintiff's complaint does not contain allegations reasonably suggesting he has any plausible federal claim against FCI Elkton, in mandamus or otherwise. Further, the materials

2

attached to the plaintiff's pleading indicate he was afforded a disciplinary hearing at FCI Fort Dix regarding the charged infraction and had an opportunity to be heard. In sum, the plaintiff has neither identified, nor alleged sufficient facts to demonstrate, a plausible federal claim for relief against FCI Elkton.

## Conclusion

Accordingly, this action is dismissed for failure to state a claim pursuant to 28 U.S.C. §1915A.[1]  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ John R. Adams
UNITED STATES DISTRICT COURT JUDGE
NORTHERN DISTRICT OF OHIO

Dated: December 16, 2015

---

[1] In light of this ruling, the plaintiff's remaining pending motions are denied as moot.